# IN THE STATE COURT OF CHATHAM COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **JEFFREY TONDALO**,<br><br>*Plaintiff*,<br><br>v.<br><br>**PRO DISPOSAL, LLC**,<br>**JOHN GLOVER, JR.**, and<br>**EMPLOYERS MUTUAL CASUALTY COMPANY**,<br><br>*Defendants*. | Civil Action<br><br>File No.  STCV21-02371 |

## COMPLAINT FOR DAMAGES

NOW COMES PLAINTIFF, JEFFREY TONDALO, and files this Complaint as follows:

**The Parties**

1.

Defendant PRO DISPOSAL, LLC is a South Carolina limited liability company.

2.

Defendant JOHN GLOVER, JR. is a resident of and citizen of the State of South Carolina.

3.

Defendant EMPLOYERS MUTUAL CASUALTY COMPANY is a foreign liability insurance corporation authorized to transact business under the laws of the State of Georgia and is subject to the jurisdiction of this Court.

4.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC was in the business of hauling waste for compensation.

5.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC routinely and regularly hauled waste for disposal from the State of South Carolina into the State of Georgia.

6.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC routinely and regularly retrieved waste for disposal from one or more client locations in the State of Georgia.

7.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC was engaged in interstate commerce.

8.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC was a "Motor Carrier" as defined in 49 CFR § 390.5T.

9.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC was a "For-hire motor carrier" as defined in 49 CFR § 390.5T.

10.

On December 19, 2019, and prior thereto, Defendant PRO DISPOSAL, LLC was a motor carrier that owned, leased, controlled, operated, or managed a commercial motor vehicle used in the business of transporting property in interstate commerce for hire over a public highway in the State of Georgia.

11.

On December 19, 2019, Defendant PRO DISPOSAL, LLC was an interstate motor carrier as defined in O.C.G.A. § 40-1-100 et seq.

12.

At all relevant times, Defendant PRO DISPOSAL, LLC was a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in the business of hauling goods for hire in interstate commerce.

13.

At all relevant times, Defendant PRO DISPOSAL, LLC was subject to the state of Georgia trucking safety regulations and the Federal Motor Carrier Safety Regulations.

14.

On December 19, 2019, and on the date of filing this Complaint, Defendant PRO DISPOSAL, LLC has not designated and maintained an agent in the State of Georgia upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor carrier growing out of its carrier operations.

Copy from re:SearchGA

15.

Pursuant to O.C.G.A. § 40-1-117(a), the Secretary of State of Georgia is conclusively deemed the agent for service of process for Defendant PRO DISPOSAL, LLC as a result of its failure to maintain a registered agent for service of process in Georgia.

16.

On December 19, 2019, Defendant JOHN GLOVER, JR. controlled, operated, or managed a motor vehicle used in the business of transporting property for hire over a public highway in the State of Georgia.

17.

On December 19, 2019, Defendant JOHN GLOVER, JR. was an interstate "motor carrier" as defined in O.C.G.A. § 40-1-100 et seq.

18.

At all times material hereto, Defendant JOHN GLOVER, JR. was driving a commercial motor vehicle in interstate commerce and was subject to the traffic laws of the State of Georgia, the trucking safety regulations of the State of Georgia, and the Federal Motor Carrier Safety Regulations.

19.

At all times material to this case, Defendant JOHN GLOVER, JR. was an employee or agent of Defendant PRO DISPOSAL, LLC.

20.

On or about December 19, 2019, Defendant JOHN GLOVER, JR. was operating a commercial motor vehicle in Chatham County, Georgia, for the benefit of himself and Defendant PRO DISPOSAL, LLC  The commercial motor vehicle was owned or leased by Defendant PRO DISPOSAL, LLC and was placarded to Defendant PRO DISPOSAL, LLC.

21.

Defendant JOHN GLOVER, JR. is a nonresident of the State of Georgia subject to the jurisdiction of this Court as a result of the occurrence that is the subject of this Complaint.  The occurrence giving rise to the cause of action stated herein occurred in the jurisdiction of this Court and venue is proper in this court as to Defendant JOHN GLOVER, JR. pursuant to the Georgia Nonresident Motorist Act.

22.

At all material times, including on December 19, 2019, EMPLOYERS MUTUAL CASUALTY COMPANY provided commercial motor vehicle liability insurance coverage to PRO DISPOSAL, LLC and JOHN GLOVER, JR.

Copy from re:SearchGA

## Jurisdiction and Venue

23.

The motor vehicle collision that is the basis for this lawsuit occurred in Chatham County, Georgia.

24.

Venue for this action is proper in Chatham County, Georgia under O.C.G.A. § 40-1-117(b).

25.

This court has jurisdiction over Defendant PRO DISPOSAL, LLC as the tortious acts causing injury as alleged occurred in the State of Georgia.

26.

This court has jurisdiction over Defendant JOHN GLOVER, JR. as the tortious acts causing injury as alleged occurred in the State of Georgia.

27.

Joinder of Defendant EMPLOYERS MUTUAL CASUALTY COMPANY in this matter is proper under O.C.G.A. §§ 40-1-112(c) and 40-2-140(d)(4).

## Factual Allegations

28.

On December 19, 2019, Defendant PRO DISPOSAL, LLC and Defendant JOHN GLOVER, JR. were each subject to the Federal Motor Carrier Safety Act, the Federal Motor Carrier Safety Regulations and the Motor Carrier Safety Regulations adopted by the Georgia Department of Public Safety.

29.

On December 19, 2019, Defendant JOHN GLOVER, JR. was operating a commercial motor vehicle.

30.

On December 19, 2019, Defendant JOHN GLOVER, JR. was operating a 2019 Mack garbage truck (VIN 1M2TE2GC1KM001014) on I-16 West in Chatham County, Georgia for the benefit of himself and defendant PRO DISPOSAL, LLC.

31.

Plaintiff JEFFREY TONDALO had pulled over into the right shoulder of the travel lanes at the direction of a law enforcement officer.

Copy from re:SearchGA

32.

Defendant JOHN GLOVER, Jr. travelled outside of his travel lane onto the right shoulder of the road, narrowly missing the law enforcement officer's vehicle but colliding with Jeffrey Tondalo's vehicle while plaintiff Jeffrey Tondalo was occupied therein.

33.

At this same time and place Defendant John Glover, Jr was negligently driving too fast for conditions, was negligently following too closely, was negligently failing to keep a proper lookout, was negligently failing to maintain his lane, was negligently failing to move over for a lawfully parked law enforcement/emergency vehicle, and was otherwise negligent. Defendant John Glover, Jr. negligently and violently collided with the vehicle operated by Plaintiff, causing severe damages.

34.

The impact of the Mack truck Defendant John Glover, Jr. was operating colliding with the 2015 Audi model A4 automobile occupied by Plaintiff Jeffrey Tondalo directly and proximately caused serious injury to Plaintiff Jeffrey Tondalo.

35.

Defendant JOHN GLOVER, JR. failed to exercise due care while operating the PRO DISPOSAL, LLC tractor-trailer and was driving the PRO DISPOSAL, LLC tractor-trailer in a careless, negligent, and dangerous manner.

36.

Properly trained commercial drivers are able to slow for traffic ahead of them without colliding with other vehicles or steering outside the travel lanes.

37.

Commercial drivers who are paying attention to the roadway are able to slow or stop for slowing or stopped traffic ahead of them.

38.

No action of JEFFREY TONDALO contributed to cause the wreck.

39.

No failure to act of JEFFREY TONDALO contributed to cause the wreck.

**First Cause of Action**
*Negligent Qualifying, Hiring, Training, Supervision,*
*Retention, and Entrustment by PRO DISPOSAL, LLC*

40.

Plaintiff incorporates by reference each allegation contained in the preceding paragraphs

Page 5

Copy from re:SearchGA

as if the same were set forth fully herein.

### 41.

The operation of a commercial motor carrier, including the qualifying, hiring, training, supervising and retention of its commercial motor vehicle drivers requires exercising care and skill to be done safely, or it is foreseeable that serious harm and injury will occur to the traveling public.

### 42.

Defendant PRO DISPOSAL, LLC was required to qualify and hire only safe truck drivers and to teach and train those drivers to enable each of them to understand and obey the rules and regulations contained in the Federal Motor Carrier Safety Regulations, the Motor Carrier Safety Regulations of the Georgia Department of Public Safety, the Commercial Driver's License Manual, and minimal industry safety rules to carry out their duties and obligations thereunder.

### 43.

Defendant PRO DISPOSAL, LLC had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

### 44.

Defendant PRO DISPOSAL, LLC had a duty to act reasonably in qualifying, hiring, training, retaining and supervising Defendant JOHN GLOVER, JR. as an employee or agent working for it in the safety sensitive position of a commercial motor vehicle driver.

### 45.

Defendant PRO DISPOSAL, LLC had a duty to act reasonably in entrusting a commercial motor vehicle into the custody, care, and control of Defendant JOHN GLOVER, JR.

### 46.

Defendant PRO DISPOSAL, LLC failed in its duties to reasonably qualify, hire, train, retain, and supervise Defendant JOHN GLOVER, JR and was therefore negligent.

### 47.

Defendant PRO DISPOSAL, LLC negligently entrusted a commercial motor vehicle into the custody, care, and control of Defendant JOHN GLOVER, JR.

### 48.

PRO DISPOSAL, LLC's acts and failures to act resulted in foreseeable harm to JEFFREY TONDALO.

### 49.

Defendant PRO DISPOSAL, LLC's negligence was the direct and proximate cause of injury to JEFFREY TONDALO.

Copy from re:SearchGA

**Second Cause of Action**
*Statutory Violations of PRO DISPOSAL, LLC*

50.
Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

51.
Defendant PRO DISPOSAL, LLC violated -- and encouraged Defendant JOHN GLOVER, JR. to violate -- state and federal statutes and regulations, including but not limited to 49 C.F.R. §§350 to 399.

52.
Defendant PRO DISPOSAL, LLC's statutory violations directly and proximately caused injury to JEFFREY TONDALO.

**Third Cause of Action**
*Negligence of Commercial Motor Vehicle Driver*

53.
Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

54.
Defendant JOHN GLOVER, JR. had a duty to operate the commercial motor vehicle in a safe and reasonable manner.

55.
This collision between the truck operated by Defendant JOHN GLOVER, JR. and the Plaintiff's vehicle occurred because Defendant JOHN GLOVER, JR. negligently failed to operate the commercial motor vehicle with reasonable care for others.

56.
Defendant JOHN GLOVER, JR.'s negligence was the direct and proximate cause of the collision.

57.
Defendant JOHN GLOVER, JR.'s negligence was the direct and proximate cause of injury to JEFFREY TONDALO.

Copy from re:SearchGA

**Fourth Cause of Action**
*Statutory Violations of Commercial Motor Vehicle Driver*

58.
Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

59.
Defendant JOHN GLOVER, JR. violated state and federal statutes and regulations.

60.
Defendant JOHN GLOVER, JR. negligently violated state statutes and regulations, *inter alia* provisions of the Uniform Rules of the Road, O.C.G.A. § 40-6-1 et seq.

61.
Defendant JOHN GLOVER, JR. was negligent and in violation of federal statutes and regulations, including but not limited to 49 C.F.R. §§350 to 399, the Federal Motor Carrier Safety Regulations.

62.
Defendant JOHN GLOVER, JR.'s statutory and regulatory violations directly and proximately caused injury to JEFFREY TONDALO.

63.
Defendant JOHN GLOVER, JR. is negligent *per se* based on these statutory and regulatory violations.

**Fifth Cause of Action**
*Vicarious Liability of PRO DISPOSAL, LLC*

64.
Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

65.
At all times material to this case, Defendant JOHN GLOVER, JR. was acting within the course and scope of his employment or agency with Defendant PRO DISPOSAL, LLC.

66.
Under the principles of respondeat superior, actual agency, apparent agency, placard liability and/or lease liability, Defendant PRO DISPOSAL, LLC is vicariously liable for the negligent acts and omissions of Defendant JOHN GLOVER, JR. which led to the injuries of JEFFREY TONDALO.

Copy from re:SearchGA

### Sixth Cause of Action
*Enterprise Liability of PRO DISPOSAL, LLC*

67.

Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

68.

At all times relevant hereto, Defendants PRO DISPOSAL, LLC and JOHN GLOVER, JR. were acting in a joint enterprise:
  a. Defendants PRO DISPOSAL, LLC and JOHN GLOVER, JR. agreed to move goods in interstate commerce for profit;
  b. Defendants PRO DISPOSAL, LLC and JOHN GLOVER, JR. had a written contract, specifically, but not limited to a vehicle lease agreement, driver employment agreement, and a bill of lading;
  c. Defendants PRO DISPOSAL, LLC and JOHN GLOVER, JR. coordinated and combined resources and skills to achieve their objective of moving cargo for profit.

69.

As participants in a joint enterprise, Defendants PRO DISPOSAL, LLC and JOHN GLOVER, JR. are each responsible and liable for the tortious acts of the other.

### Seventh Cause of Action
*Strict Liability of PRO DISPOSAL, LLC*

70.

Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

71.

Regardless of employment relationship, PRO DISPOSAL, LLC is the registered owner of the USDOT number 2422780 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

### Eighth Cause of Action
*Claim for Punitive Damages against PRO DISPOSAL, LLC*

72.

Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

73.

Defendant PRO DISPOSAL, LLC's actions demonstrate a conscious disregard for the rights and safety of JEFFREY TONDALO and the rest of the public. Plaintiff therefore demands

Copy from re:SearchGA

punitive damages against PRO DISPOSAL, LLC

### Ninth Cause of Action
*Direct Action Against EMPLOYERS MUTUAL CASUALTY COMPANY*

74.

Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully herein.

75.

Defendant EMPLOYERS MUTUAL CASUALTY COMPANY is subject to a direct action as the insurer for Defendant PRO DISPOSAL, LLC and Defendant JOHN GLOVER, JR. pursuant to Georgia law.

76.

Defendant EMPLOYERS MUTUAL CASUALTY COMPANY was the insurer of Defendant PRO DISPOSAL, LLC and Defendant JOHN GLOVER, JR. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation of goods.

77.

All elements necessary to sue Defendant EMPLOYERS MUTUAL CASUALTY COMPANY under the Georgia Direct Action law are met in this case.

78.

Defendant EMPLOYERS MUTUAL CASUALTY COMPANY is responsible for any judgment rendered against either Defendant PRO DISPOSAL, LLC, Defendant JOHN GLOVER, JR., or both.

### Relief Sought

79.

Plaintiff JEFFREY TONDALO has incurred health care treatment expense of $ 9,392.80 to date as a result of the injuries sustained due to the collision as itemized on the attached.

80.

Plaintiff JEFFREY TONDALO has endured pain and other consequential damages as a proximate result of the collisions.

81.

Plaintiff JEFFREY TONDALO is entitled to recover damages from Defendants for medical expenses, loss of income and other actual damages to the extent permitted by law.

82.

Copy from re:SearchGA

Plaintiff JEFFREY TONDALO is entitled to recover damages for the pain and suffering she has endured and will continue to endure

83.
Plaintiff JEFFREY TONDALO is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff JEFFREY TONDALO prays for a trial by jury of twelve and judgment against Defendants as follows:
(a) That JEFFREY TONDALO recover general damages; special damages; direct and consequential damages including medical bills, pain and suffering, and other expenses in an amount to be determined at trial;
(b) That the verdict rendered against Defendant PRO DISPOSAL, LLC include punitive and exemplary damages in an amount to be determined at trial;
(c) That JEFFREY TONDALO recover all costs of this litigation; and
(d) That JEFFREY TONDALO receive such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of December, 2021.

>                           **GRIST LAW FIRM**
>
>                           /s/  *Joel Grist*
>                           JOEL GRIST
>                           Georgia Bar No. 312740
>                           *Attorney for Plaintiff*

3715 Vineville Avenue
Macon, Georgia  31204-1854
Phone:  (478) 741 - 0024
Toll Free: (877) 257 - 1580
Toll Free Fax:  (866) 929 - 7419
Email: JoelGrist@TruckLawyer.com

>                           **Childers & McCain, L.L.C**.
>
>                           /s/ *Christy Crowe Childers*
>                           CHRISTY CROWE CHILDERS
>                           Georgia Bar No. 142276
>                           *Attorney for Plaintiff*

577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202

Copy from re:SearchGA

Phone: (478) 238-6692
Fax: (478) 238-6577
*Christy@ChildersMcCain.com*

**Medical Bills Summary**

| | | **Jeffrey Tondalo** | | **D/A:** |
| | | | | **12/19/19** |

| No. | Date | Health Care Provider | | Amount |
|---|---|---|---|---|
| 1 | 12/19/2019 | Mercy Ambulance Service Inc. | $ | 1,436.31 |
| 2 | 12/19/2019 | Memorial Health University MC Savannah GA | $ | 5,873.49 |
| 3 | 12/19/2019 | Georgia Emergency Physicians Specialists, LLC | $ | 1,221.00 |
| 4 | | <Radiologist> | | |
| 5 | 1/31/2020 | Broadway Medical Group | $ | 195.00 |
| 6 | 2/21/2020 | Quinnipiac PT & Sports Medicine | $ | 157.00 |
| | 3/4/2020 | Quinnipiac PT & Sports Medicine | $ | 170.00 |
| | 3/9/2020 | Quinnipiac PT & Sports Medicine | $ | 170.00 |
| | 3/16/2020 | Quinnipiac PT & Sports Medicine | $ | 170.00 |
| | | *TOTAL* | $ | **9,392.80** |

Date of Report:    12/16/21

Copy from re:SearchGA



## In The State Court of Chatham County, Georgia
**133 MONTGOMERY STREET, ROOM 501, SAVANNAH, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

Jeffrey Tondalo

**Plaintiff**

Counsel or Party  Counsel or Party

**STCV21-02371**

**Case Number**

Vs

Pro Disposal, LLC, John Glover, Jr., and Employers Mutual Casualty Company

**Defendant**

# CERTIFICATION UNDER RULE 3.2

Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This __20__ day of __Dec.__, 20 __21__

/s/ Joel Grist

Counsel or Party

**OR**

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule # _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this petition-pleading involves substantially the same parties or substantially the same factual issues as in Case # _____

_____ VS _____
Plaintiff                              Defendant

Filed in The Eastern Judicial Circuit of Georgia which under Rule 3.2 of the Superior Court rules require the petition-pleading, be specifically assigned to the Judge whom the original action was or is assigned.

_____
Counsel or Party

PRINT

7. Certification under rule 3.2    09-05

Copy from re:SearchGA

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __CHATHAM__ County

**For Clerk Use Only**

Date Filed __12/20/2021__  Case Number __STCV21-02371__
MM-DD-YYYY

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| TONDALO, | JEFFREY | | | | Pro Disposal, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | John Glover, Jr. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Employers Mutual Casualty Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney __Joel Grist__  Bar Number __312740__  Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Copy from re:SearchGA

# General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

**Case Type Definitions**

### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus**: Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil**: Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation**: Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

### Post-Judgment

**Contempt**: Any case alleging failure to comply with a previously existing court order.

**Modification**: Any case seeking to change the terms of a previously existing court order.

**Other/Administrative**: Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/20/2021 3:43 PM

# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| | |
|---|---|
| **JEFFREY TONDALO** | STCV21-02371 |
| Plaintiff | Case Number |
| Vs | |
| Pro Disposal, LLC,<br>John Glover, Jr., and<br>Employers Mutual Casualty Company | Address of Defendant:<br>Pro Disposal, LLC<br>c/o Secretary of State of Georgia<br>2 MLK Jr. Drive S.E., Suite 315, West Tower<br>Atlanta, Georgia 30334 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: **PRO DISPOSAL, LLC**

Defendant's Address: **THROUGH ITS REGISTERED AGENT, THE SECRETARY OF STATE OF GEORGIA**

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JOEL GRIST
3715 VINEVILLE AVENUE
MACON, GA  31204

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*
CLERK OF COURT
State Court of Chatham County

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk



RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/20/2021 3:13 PM

# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org  •  Phone (912) 652-7224  •  FAX (912) 652-7229  •  clerk@statecourt.org

| | |
|---|---|
| **JEFFREY TONDALO** | STCV21-02371 |
| Plaintiff | Case Number |
| Vs | |
| Pro Disposal, LLC,<br>John Glover, Jr., and<br>Employers Mutual Casualty Company | Address of Defendant<br>John Glover, Jr.<br>c/o Secretary of State of Georgia<br>2 MLK Jr. Drive S.E., Suite 315, West Tower<br>Atlanta, Georgia 30334 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: John Glover, Jr.

Defendant's Address THROUGH THE SECRETARY OF STATE OF GEORGIA

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JOEL GRIST
3715 VINEVILLE AVENUE
MACON, GA  31204

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

/s/ Moneisha Green

Deputy Clerk, State Court of Chatham County

*Brian K. Hart*
CLERK OF COURT
*State Court of Chatham County*

Not valid until signed and sealed by a Deputy Court Clerk



27.  Summons  03-24-2021

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/20/2021 3:13 PM, Brian K. Hart, Clerk of Court

# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

| | |
|---|---|
| **JEFFREY TONDALO** | STCV21-02371 |
| Plaintiff | Case Number |
| Vs | |
| Pro Disposal, LLC, John Glover, Jr., and Employers Mutual Casualty Company | Address of Defendant: Employers Mutual Casualty Company c/o Registered Agent: Kevin T Shires 6960 Cordery Road Cumming, GA 30040 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Employers Mutual Casualty Company _____

Defendant's Address _____

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JOEL GRIST
3715 VINEVILLE AVENUE
MACON, GA 31204

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*
**CLERK OF COURT**
*State Court of Chatham County*

_____ /s/ Moneisha Green _____
Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk

PRINT

Copy from re:SearchGA                                27. Summons  03-24-2021