IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEFFREY TONDALO, <br><br> Plaintiff, <br><br> v. <br><br> PRO DISPOSAL, LLC; JOHN GLOVER, JR.; and EMPLOYERS MUTUAL CASUALTY COMPANY, <br><br> Defendants. | CIVIL ACTION NO.: 4:22-cv-33 |

**O R D E R**

This matter is before the Court on Defendants' Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings, (docs. 1-3, 8), and Plaintiff's subsequently-filed First Amended Complaint, (doc. 11). For the reasons set forth below, the court **DENIES as moot** Defendants' Partial Motions to Dismiss and for Judgment on the Pleadings. (Docs. 1-3, 8.)

On or about December 20, 2021, Plaintiff filed his initial complaint seeking damages for injuries he allegedly suffered when a vehicle driven by Defendant John Glover, Jr., owned by Defendant Pro Disposal, LLC, and insured by Employers Mutual Casualty Company struck his vehicle.[1] (Doc. 1-1.) In the original complaint, Plaintiff asserted claims based on, *inter alia*, theories of negligence, statutory violations, and strict liability. (Id.) Plaintiff also asserted a claim for punitive damages and, in his prayer for relief, requested "punitive and exemplary damages" and "all costs of this litigation." (Id. at pp. 9–11.) Defendants filed motions to dismiss and/or for the entry of a partial judgment on the pleadings as to the request for punitive damages and as to

---

[1] The initial complaint was filed in the State Court of Chatham County, Georgia, but the case was removed to this Court by Defendants. (See doc. 1.)

the request for "costs," at least to the extent it was intended as a request for recovery of attorney's fees. (Doc. 1-3, pp. 9–12; doc. 8-1, pp. 6–8.)

On February 14, 2022, Plaintiff filed his First Amended Complaint. (Doc. 11). Therein, Plaintiff reasserted many of the same factual allegations and causes of action that were featured in the original complaint. Notably, however, the First Amended Complaint did not include a claim for or prayer for recovery of punitive damages and, instead of praying for "all costs of this litigation," it prayed for recovery of Plaintiff's "court costs of this litigation." (Id. at pp. 10–11.) Plaintiff also filed a "Response to the Defendants' Two Partial Motions to Dismiss or for Judgment," explaining that the First Amended Complaint does not include a claim for punitive damages and "clarifies [that] the only 'costs' sought are the court costs (allowed to the prevailing party pursuant to Fed. R. Civ. P. 54(d)(1))," and thus his First Amended Complaint has rendered moot Defendants' pending Motions. (Doc. 12.)

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). An amended complaint thus "renders [the original] of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial filing "bec[o]mes a legal nullity"). To be sure, however, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading,

therefore, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

The Court has reviewed Plaintiff's First Amended Complaint and found no reference to, or adoption of, any allegations set forth in its prior pleading.  (See doc. 11.)  As such, Plaintiff's First Amended Complaint is the sole operative pleading in this case and renders moot Defendants' Motion, which seek to dispose of claims asserted in the original complaint, (docs. 1-3, 8). Moreover, mootness is particularly applicable here where Defendants' Motions challenged the substance and/or legal sufficiency of claims that Plaintiff either completely omitted (punitive damages) or addressed (request for recovery of "costs") in drafting the First Amended Complaint. Accordingly, the Court **DENIES as moot** Defendant's Partial Motions to Dismiss or for Judgment on the Pleadings.  (Docs. 1-3, 8.)

**SO ORDERED**, this 4th day of May, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA